UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE REED JENKINS, JR.,

       Petitioner,                    Case. No. 2:20-CV-12585

                                      Hon. Denise Page Hood

v.

MINDY BRAMAN, WARDEN,

       Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S LETTER/MOTION TO APPOINT COUNSEL [ECF NO. 8]

This is a *pro se* habeas case brought pursuant to 28 U.S.C. § 2254 by Petitioner Clarence Reed Jenkins, a state prisoner. Now before the Court are two motions: Petitioner seeks appointment of counsel (ECF No. 8). For the reasons stated below, Petitioner's motion will be denied.

Petitioner's motion is in the form of a letter to the Court. (ECF No. 8.) He states he cannot read well and that he is in a mental health treatment program. (*Id*. at PageID.178.) Further, he asserts that he has a legal writer assisting him with his legal work, but that the COVID-19 pandemic is preventing that assistance. (*Id*.) The Court construes the letter's request for help as a request for appointment of counsel. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). (Documents filed *pro se* are "to be liberally construed[.]")

However, a petitioner has no absolute right to be represented by counsel on federal habeas review. *Abdur-Rahman v. Michigan Dept. of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Wright v. West*, 505 U.S. 277, 293 (1992) (citations omitted). A court may appoint counsel for an indigent person seeking habeas relief when "the interests of justice so require," 18 U.S.C. § 3006A(a)(2)(B); and must do so under certain specified circumstances. *See* Rules Governing § 2254 Cases, Rule 6(a) (discovery), 8(c) (evidentiary hearings).

Neither the interests of justice nor the current circumstances require the appointment of counsel at this time. Petitioner's motion will be denied. Respondent's Answer and the Rule 5 materials have only recently been filed, and the Court is not yet in receipt of Petitioner's Reply, should he choose to file one. Following receipt of the Reply and a more detailed review of the case, the Court may re-consider Petitioner's request. Petitioner need not file another motion on this issue.

For the reasons stated above,

**IT IS ORDERED** that Petitioner's letter/motion for appointment of counsel (ECF No. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner shall have **sixty (60) days**

from the date of the order to submit a Reply to Respondent's Response.

**SO ORDERED.**

s/Denise Page Hood<br>Chief Judge, United States District Court

Dated: May 13, 2021